IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO: | **14-_____** |
| v. : | DATE FILED: | **June 11, 2014** |
| **TIANNA EDWARDS** : : | VIOLATIONS:<br>18 U.S.C. § 1343 (wire fraud - 5 counts)<br>**Notice of forfeiture** | |

## INFORMATION

### COUNTS ONE THROUGH FIVE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. The Commonwealth of Pennsylvania provided subsidized child day care through its agency, the Department of Public Welfare (DPW) and DPW's Office of Child Development and Early Learning. The funds used to provide subsidized child day care were public, state and federal funds.

2. DPW contracted with Child Care Information Services Agencies ("CCIS") to manage the subsidized child care program. The CCIS paid child care subsidy payments to the operators of privately owned and operated child day care centers to provide child day care services, on behalf of eligible parents.

3. Pennsylvania statutes and regulations required that, in order to be licensed, child day care operators pass a criminal background check, apply for a "Certificate of Compliance," and certify that they had attended a provider orientation session. DPW would

reject an application for a Certificate of Compliance if the criminal background check showed that the applicant had certain felony criminal convictions or if the applicant submitted fraudulent information to DPW.

4.  In 2008, defendant TIANNA EDWARDS had a criminal record which would have prohibited her from obtaining a license to operate a child day care facility.

## THE SCHEME

5.  From in or around September 2008, to in or around September 2012, in Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendant

## TIANNA EDWARDS

devised and intended to devise a scheme to defraud the Department of Public Welfare and its sources of funding and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

6.  In order to circumvent the criminal history clearance requirements for a license to operate a child day care facility and become eligible for state and federal child care subsidy funds, in or about September 2008, defendant TIANNA EDWARDS submitted an application to DPW for an individual known to the United States Attorney as N.S. to operate a child day care facility named "Tianna's Terrific Tots" on Germantown Avenue in Philadelphia. In or about October 2009, defendant TIANNA EDWARDS submitted an application to DPW for N.S. to operate a second child day care facility named "Tianna's Terrific Tots" on Rising Sun Avenue in Philadelphia. Both applications contained defendant TIANNA EDWARD's address and the forged signature of N.S. Both applications were false because they listed N.S., who did

not have a criminal record, as the sole legal owner and operator of "Tianna's Terrific Tots" when, in fact, defendant TIANNA EDWARDS controlled and operated "Tianna's Terrific Tots."

7. To maintain the fraudulently obtained licenses to operate child day care facilities and continue to defraud DPW of state and federal child care subsidy funds, from September 2010 through September 2011, defendant TIANNA EDWARDS submitted renewal applications to DPW for the two child day care facilities named "Tianna's Terrific Tots" containing defendant EDWARDS's address and the forged signatures of N.S.

8. To continue to defraud DPW of state and federal child care subsidy funds and maintain the fraudulently obtained licenses to operate child day care facilities to make it falsely appear as if N.S. owned and operated Tianna's Terrific Tots, defendant TIANNA EDWARDS caused additional fraudulent records to be submitted to DPW. These records included attendance records for mandatory child development classes containing the forged signature of N.S., and other compliance records.

9. In order to process the CCIS checks paid to N.S. on behalf of Tianna's Terrific Tots, defendant TIANNA EDWARDS opened a joint bank account with N.S. at Wachovia in or about 2008. In or about February 2011, defendant EDWARDS closed the Wachovia account and opened a joint bank account with N.S. at TD Bank. Defendant EDWARDS controlled the joint accounts. Defendant EDWARDS caused CCIS payments to N.S. and Tianna's Terrific Tots to be deposited into the joint bank accounts she controlled. Defendant EDWARDS spent the money on lifestyle expenses and gambling, as well as business expenses.

10. From in or about December, 2008 through July 2012, defendant TIANNA EDWARDS caused DPW, through CCIS, to make approximately $1,459,470.25 in fraudulent payments to Tianna's Terrific Tots in the name of N.S.

11. On or about each of the dates set forth below, in Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendant

TIANNA EDWARDS,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | APPROXIMATE DATE | DESCRIPTION |
| --- | --- | --- |
| 1 | October 21, 2010 | Interstate wire transmission through Wachovia Bank in North Carolina, resulting from clearing of check no. 175555 issued to "N.S." in the amount of $15,936.30 |
| 2 | October 21, 2010 | Interstate wire transmission through Wachovia Bank in North Carolina, resulting from clearing of check no. 08666213 issued to "N.S." in the amount of $3,254.00 |
| 3 | November 22, 2010 | Interstate wire transmission through Wachovia Bank in North Carolina, resulting from clearing of check no. 176966 issued to "N.S." in the amount of $13,859.49 |
| 4 | November 22, 2010 | Interstate wire transmission through Wachovia Bank in North Carolina, resulting from clearing of check no. 08666947 issued to "N.S." in the amount of $1,449.00 |
| 5 | November 23, 2010 | Interstate wire transmission through Wachovia Bank in North Carolina, resulting from clearing of check no. 176965 issued to "N.S." in the amount of $5,450.32 |

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 1343 set forth in this information, defendant

**TIANNA EDWARDS**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, including, but not limited to, the sum of $1,459,470.25.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).


_____
ZANE DAVID MEMEGER
**UNITED STATES ATTORNEY**